**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MAURICE MCCOY, )
)
        Plaintiff, )   Case No.: 2:20-cv-00879-GMN-DJA
vs. )
)   **ORDER**
PHILADELPHIA INSURANCE COMPANY, )
)
        Defendant. )
)

Pending before the Court is Defendant Philadelphia Insurance Company's ("Defendant") Motion to Transfer Venue, (ECF No. 8). Plaintiff Maurice McCoy ("Plaintiff") did not file a response, and Defendant filed a Notice of Non-Opposition, (ECF No. 10). For the reasons discussed below, Defendant's Motion is **GRANTED**.

**I.    BACKGROUND**

This case arises from an insurance contract dispute. On March 24, 2020, Plaintiff commenced this action in state court, alleging the following claims against Defendant: (1) breach of contract; (2) contractual breach of the implied covenant of good faith and fair dealing; (3) tortious breach of the implied covenant of good faith and fair dealing - bad faith; and (4) insurance unfair trade practices. (Compl. ¶¶ 14–41, Ex. C to Petition for Removal, ECF No. 1-3). On May 15, 2020, Defendant removed this matter to the U.S. District Court, District of Nevada on the basis of diversity jurisdiction. (Petition for Removal, ECF No. 1).

Defendant now moves under 28 U.S.C. § 1404 to transfer venue to the Eastern District of California, Fresno Division. (Mot. Transfer, ECF No. 8). In support of the Motion, Defendant submits *inter alia* that Plaintiff's action "aris[es] out of a denial of an insurance claim relating to an insurance policy issued in the State of California, to a California resident.

The subject of the insurance claim is a vehicle that is titled and registered in California that was to be stored/garaged within the State California." (*Id.* at 14). Defendants further argue that the case should be transferred because "all of the facts, evidence and circumstances surrounding the claim and its investigation are located in California." (*Id.*). While Plaintiff is represented by counsel, Plaintiff has not filed a response in opposition.

## II. DISCUSSION

The local rules have the force of law. *See United States v. Hvass*, 355 U.S. 570, 574–75 (1958). Under the Local Rules of the United States District Court for the District of Nevada, "the deadline to file and serve any points and authorities in response to [a] motion is 14 days after service of the motion." *See* D. Nev. LR 7-2(b). "The failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion." D. Nev. LR 7-2(d).

Here, Defendant filed its Motion to Transfer Venue, (ECF No. 8), on June 1, 2020. Plaintiff's deadline to respond to Defendant's Motion was June 15, 2020. Plaintiff has not responded to the Motion, and the time to do so has passed.[1] Under Local Rule 7-2(d), Plaintiff's failure to file points and authorities in response to the Motion "constitutes a consent to the granting of the motion." D. Nev. LR 7-2(d). Accordingly, Defendant's Motion to Transfer Venue, (ECF No. 8), is granted.

///

---

[1] Indeed, at no point did Plaintiff attempt to obtain an extension from the Court, despite Local Rules permitting parties to file motions seeking deadline extensions. *Cf.* D. Nev. LR IA 6-1 ("A request [for extension] made after the expiration of the specified period will not be granted unless the movant or attorney demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect."); *see* D. Nev. LR 26-3.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Transfer Venue, (ECF No. 8), is **GRANTED**.

The Clerk of Court is directed to **TRANSFER THIS CASE** to the Eastern District of California, Fresno Division under 28 U.S.C. § 1404 and close this case.

**DATED** this  17  day of September, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court