# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE MCCOY,<br><br>   Plaintiff,<br><br>   v.<br><br>PHILADELPHIA INSURANCE COMPANY,<br><br>   Defendant.<br>_____/ | Case No. 1:20-cv-01329-NONE-SKO<br><br>**ORDER GRANTING UNOPPOSED MOTION TO WITHDRAW AND CONTINUING THE MANDATORY SCHEDULING CONFERENCE**<br><br>(Doc. 17) |

On October 13, 2020, Jerome R. Bowen, Esq. ("Attorney Bowen"), attorney for Plaintiff Maurice McCoy ("Plaintiff"), filed his motion to withdraw as counsel of record (the "Motion"). (Doc. 17.)  By minute order entered October 14, 2020, the Court directed Plaintiff and Defendant Philadelphia Insurance Company ("Defendant") to file their responses to the motion by November 6, 2020.  (Doc. 18.)  Defendant timely filed a statement of non-opposition (Doc. 22), and Plaintiff has not responded.  The matter is therefore deemed unopposed and submitted on the papers.

Upon consideration of the Motion and supporting papers, and for the reasons set forth below, the Motion will be granted, and the Mandatory Scheduling Conference continued.

## I. BACKGROUND

On March 24, 2020, Plaintiff initiated this action in the Eighth Judicial District Court of Clark County, Nevada.  (*See* Doc. 1-3.)  Defendant removed the action to the United States District Court for the District of Nevada on May 15, 2020.  (*See* Doc. 1.)  In the operative complaint, Plaintiff alleges that Defendant wrongfully denied his insurance claim arising out of

the theft and recovery of his motor vehicle.  (*See* Doc. 1-3.)

On September 17, 2020, the District of Nevada granted Defendant's unopposed motion to transfer venue to this Court pursuant to 28 U.S.C. §1404(a), and this case was transferred to this Court on September 18, 2020.  (*See* Docs. 11, 12.)  Upon transfer of this action, the Court set a Mandatory Scheduling Conference for December 1, 2020.  (*See* Doc. 13.)

## II.     DISCUSSION

### A.    Motion to Withdraw

Attorney Bowen has been the attorney of record for Plaintiff since June 2018.  (Doc. 17 at 2.)  By correspondence dated June 2, 2020, Attorney Bowen notified Plaintiff of his intention to withdraw if Defendant's motion to transfer was granted.  (*Id*. at 3.)  Attorney Bowen "seeks to withdraw because of a communication breakdown and/or lack of cooperation."  (*Id*. at 2.)  He states that because he is not licensed in the state of California and Plaintiff has not provided any communication to proceed *pro hac vice* or to retain an alternative California-licensed attorney, Attorney Bowen cannot proceed as an attorney in this matter without subjecting himself to possible violations and sanctions.  (*Id*. at 5.)  Attorney Bowen further indicates that "withdrawal can be accomplished without material adverse effect" on the parties, as "there is no currently scheduled trial and/or hearing date" and therefore will be no delay in the prosecution of this matter.  (*Id*.)

#### 1.    Legal Standard

Withdrawal of attorney is governed by Local Rule 182 of the Local Rules of the United States District Court for the Eastern District of California ("Local Rules") and the Rules of Professional Conduct of the State Bar of California ("Rules of Professional Conduct").  *See* E.D. Cal. L.R. 182(d).  Local Rule 182(d) provides as follows:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared.  The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.  Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the

2

requirements of those Rules.  The authority and duty of the attorney shall continue until relieved by order of the Court issued hereunder.  Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

*Id.*

Rule of Professional Conduct 1.16(b)(4) provides that an attorney may request permission to withdraw if "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively," and subsection (b)(9) of Rule 1.16 permits withdrawal where "a continuation of the representation is likely to result in a violation of these rules or the State Bar Act." Rule 1.16(d) further instructs that "[a] lawyer shall not terminate a representation until the lawyer has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other [attorney(s)], and complying with paragraph (e)."[1] In the Ninth Circuit, the Rules of Professional Conduct are interpreted according to California state law. *Williams v. Troehler*, No. 1:08–cv–01523–OWW–GSA, 2010 WL 11570438, at *2 (E.D. Cal. June 23, 2010) (citing *Image Technical Services, Inc. v. Eastman Kodak Co.*, 820 F. Supp. 1212, 1215 (N.D. Cal. 1993)).  The decision to grant or deny a motion to withdraw as attorney is committed to the sound discretion of the trial court.  *Id*. (citing *LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998)); *Estate of Falco*, 188 Cal. App. 3d 1004, 1014 (1987) ("[A] trial court should have broad discretion in allowing attorneys to withdraw").

### 2. Analysis

As an initial matter, Attorney Bowen has complied with Local Rule 182.  He filed proofs of service demonstrating that he mailed a copy of the motion and the Court's minute order setting forth the briefing schedule to Plaintiff at his last known addresses.  (Doc. 17 at 6; Doc. 19.) Attorney Bowen also set forth his efforts to notify Plaintiff of the motion to withdraw, including by written correspondence on June 2, 2020.

Next, the Motion demonstrates that Attorney Bowen's ability to provide effective representation has become unreasonably difficult.  Plaintiff's failure to communicate and lack of cooperation with Attorney Bowen is a proper ground for withdrawing under Rule of Professional

---

[1] Paragraph (e) of Rule 1.16 pertains to returning property and funds to clients.

1   Conduct 1.16(b)(4).  *See Williams*, 2010 WL 11570438, at *2 ("Some courts have found that a
2   client's inability to get along and cooperate with counsel may justify an attorney's withdrawal."
3   (listing cases finding failure to communicate or cooperate is grounds for withdrawal)).  In
4   addition, because Attorney Bowen is not a member of the State Bar of California, his continued
5   representation of Plaintiff in the absence of Plaintiff's cooperation would violate the State Bar Act,
6   the Rules of Professional Conduct, and this Court's Local Rules.

7   The Court also finds Attorney Bowen have has reasonable steps to avoid reasonably
8   foreseeable prejudice to Plaintiff's rights in accordance with Rule of Professional Conduct 1.16(d).
9   Specifically, Attorney Bowen afforded Plaintiff sufficient notice to permit him to retain other
10  counsel (or to cooperate in seeking *pro hac vice* status for Attorney Bowen), as he informed
11  Plaintiff of his intent to withdraw over four months prior to filing the Motion.

12  Finally, with respect to whether Defendant will be prejudiced by the motion to withdrawal,
13  Defendant has filed a statement of non-opposition to the motion.  (*See* Doc. 22.)  The Court notes
14  that it has not yet held a Mandatory Scheduling Conference in this case and no schedule has been
15  yet.  Accordingly, the Court finds any prejudice to Defendant is negligible.

16  Accordingly, the Motion will be granted.

17  **B.    Continuance of the Mandatory Scheduling Conference**

18  Local Rule 182(d) provides that "[l]eave to withdraw may be granted subject to such
19  appropriate conditions as the Court deems fit."  The Mandatory Scheduling Conference in this
20  case is currently set for December 1, 2020.  (*See* Doc. 13.)  To allow time for Plaintiff to retain a
21  new attorney if he chooses to do so, the Mandatory Scheduling Conference is **CONTINUED to**
22  **February 4, 2021, at 9:45 a.m**. before Magistrate Judge Sheila K. Oberto.  The parties SHALL
23  file their joint scheduling report by no later than **January 28, 2021**.

24  The Court notes that upon his attorney's withdrawal, Plaintiff will be proceeding *pro se*
25  and will be responsible for the timely prosecution of the action even if he fails to obtain a new
26  attorney.  A failure to comply with an order of the Court may result in sanctions, including
27  dismissal of this action.  Because Plaintiff is now proceeding *pro se*, the Court will issue a
28  subsequent order informing Plaintiff of the requirements of civil cases pending before this Court.

### III. CONCLUSION AND ORDER

For the reasons stated above, it IS HEREBY ORDERED that:

1. The motion to withdraw as counsel of record (Doc. 17) is GRANTED;

2. Attorney Bowen SHALL serve a copy of this order on Plaintiff via mail and SHALL inform Plaintiff that he has withdrawn. Within two (2) days of the date of the order, Attorney Bowen SHALL file a declaration indicating proof of service;

3. The Clerk of Court is ORDERED to RELIEVE Jerome R. Bowen, Esq. as attorney for Plaintiff;

4. The Mandatory Scheduling Conference is CONTINUED to February 4, 2021, at 9:45 a.m. before Magistrate Judge Sheila K. Oberto, as set forth above; and

5. The Clerk SHALL UPDATE THE DOCKET to reflect Plaintiff's *pro se* status and Plaintiff's address (*see* Doc. 17).

IT IS SO ORDERED.

Dated:   **November 17, 2020**                    /s/ *Sheila K. Oberto*
                                                  UNITED STATES MAGISTRATE JUDGE