UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE MCCOY,<br><br>              Plaintiff,<br><br>    v.<br><br>PHILADELPHIA INSURANCE COMPANY,<br><br>              Defendant. | Case No. 1:20-cv-01329-NONE-SKO<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH COURT ORDER AND TO PROSECUTE**<br><br>**21-DAY DEADLINE** |

On March 24, 2020, Plaintiff filed the complaint in this case against Defendant in the Eight Judicial District Court, Clark County, Nevada. (Doc. 1-3.) The action was removed to the United States District Court for the District of Nevada on May 15, 2020 (*see* Doc. 1), and subsequently transferred to the United States District Court for the Eastern District of California, Fresno Division, on September 18, 2020 (*see* Doc. 12).

An initial Scheduling Conference was set for December 1, 2020, and continued twice: first to February 4, 2021, and then to May 6, 2021. (*See* Docs. 13, 24, 27.) As set forth in the Court's Order Setting Mandatory Scheduling Conference (Doc. 13), "[a]ttendance at the Scheduling Conference is *mandatory* upon each party not represented by counsel or by retained counsel." (*Id.* at 2 (emphasis in original).) The parties were also ordered to submit "[a] Joint Scheduling Report, carefully prepared and executed *by all counsel/pro se parties*" one week prior to the Scheduling Conference. (*See id.* (emphasis added).) On May 4, 2021, Defendant filed a status report indicating

that Plaintiff refused to cooperate in preparing a joint scheduling report, as required by the Court.[1] (*See* Doc. 30 at 2.) On May 6, 2021, Plaintiff also failed to appear at the Scheduling Conference.

The Local Rules of the United States District Court for the Eastern District of California, corresponding with Rule 11 of the Federal Rules of Civil Procedure, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. L.R. 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

**Based on the foregoing, Plaintiff is ORDERED to show cause, within twenty-one (21) days of the date of service of this order, why this action should not be dismissed for his failure to comply with the Court's Order Setting Mandatory Scheduling Conference (Doc. 13) and for his failure to prosecute his case.** The Court further CAUTIONS Plaintiff that, if he fails to file this statement within twenty-one (21) days of the date of service of this order, the Court will recommend to the presiding district court judge that this action be dismissed, in its entirety.

IT IS SO ORDERED.

Dated: **May 6, 2021**          /s/ *Sheila K. Oberto*
                                UNITED STATES MAGISTRATE JUDGE

---

[1] On that same date, Defendant also filed a Motion for Order to Show Cause to Why Case Should Not Be Dismissed for Plaintiff's Failure to Prosecute Pursuant to F.R.C.P. 41(b) (the "Motion"). (Doc. 29.) On May 6, 2021, after Plaintiff failed to appear at the Scheduling Conference, the Court granted the Motion by minute order. (Doc. 32.) Accordingly, the hearing on the Motion, set for May 26, 2021, is hereby **VACATED**.

2