UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE MCCOY,<br><br>        Plaintiff,<br><br>    v.<br><br>PHILADELPHIA INSURANCE COMPANY,<br><br>        Defendant. | Case No. 1:20-cv-01329-NONE-SKO<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS CASE FOR FAILURE TO COMPLY WITH COURT ORDER AND TO PROSECUTE**<br><br>(Doc. 33)<br><br>**14-DAY DEADLINE** |

On March 24, 2020, Plaintiff filed the complaint in this case against Defendant in the Eighth Judicial District Court, Clark County, Nevada. (Doc. 1-3.) The action was removed to the United States District Court for the District of Nevada on May 15, 2020 (*see* Doc. 1), and subsequently transferred to the United States District Court for the Eastern District of California, Fresno Division, on September 18, 2020 (*see* Doc. 12).

On May 4, 2021, Defendant filed a status report indicating that Plaintiff refused to cooperate in preparing a joint scheduling report, as required by the Court's Order Setting Mandatory Scheduling Conference (Doc. 13). (*See* Doc. 30 at 2.) After Plaintiff failed to appear at the mandatory Scheduling Conference on May 6, 2021, (*see* Doc. 32), the Court entered an order to show cause directing Plaintiff to show cause why the case should not be dismissed for his failure to comply with the Court's Order Setting Mandatory Scheduling Conference, (Doc. 13), and for his failure to prosecute the case. (Doc. 33.) The Court also warned Plaintiff that if he did not

1

respond to the order to show cause, the Court would "recommend to the presiding district court judge that this action be dismissed, in its entirety." (*Id.* at 2.) Although more than the allowed time has passed, Plaintiff has not responded to the order to show cause.

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide that "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. L.R. 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Malone v. U.S. Postal Service*, 833 F.2d 128, 130–31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

It appears that Plaintiff has abandoned this action. Whether he has done so mistakenly or intentionally is inconsequential. It is Plaintiff's responsibility to comply with the Court's orders. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

Based on the foregoing, the Court RECOMMENDS that this action be DISMISSED for failure to prosecute and for failure to comply with a court order.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 8, 2021**                         /s/ *Sheila K. Oberto*

1                                                                       UNITED STATES MAGISTRATE JUDGE
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28